

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Dear Mr. Williams:

Opinion No. 0-5956
Re: Authority of Commis-
sioners' Court to
expend county funds
for traveling expense
of assistant juvenile
officer in transport-
ing juvenile delinquent
outside of State of Texas.

We have received your recent communication in which
you request our opinion as to whether the Commissioners'
Court of Tarrant County is authorized to expend money out of
county funds for the expenses of an assistant juvenile officer
in transporting a juvenile delinquent from Gatesville, Texas,
to Boystown, Nebraska.

The facts, as presented to us, are that such child
was declared to be delinquent under the terms of Senate Bill
No. 44, Chapter 204, Regular Session of 48th Legislature of
Texas, 1943. (Art. 2338-1, V. A. C. S.) by the Judge of the
96th District Court of Tarrant County, Texas, sitting as a
Juvenile Court, and was committed to the State Training School
at Gatesville, Texas;  that he remained in said institution for
approximately one year and under the merit system employed by
said School was entitled to be discharged from said Institution
at the expiration of that period of time.  When the time for a
release came, it was made manifest to the Judge of the 96th
District Court that he had no people with whom he could live
and that he was less than fourteen years of age but was a big,
strong, healthy boy for his age.  Application was sought and
permission obtained to place the boy in the home known as
Boystown, Nebraska, and he was taken by an assistant juvenile
officer of Tarrant County, Texas, in an automobile from Fort
Worth, Texas, to said institution upon an order of the Judge
of the 96th District Court.

Upon careful study of Article 2338-1, V. A. C. S., we are unable to find any authority given for the placing of a delinquent child outside of the State of Texas.

Therefore, the act of transporting such juvenile outside of the State of Texas would be unauthorized by law, and the expenses of such trip would not be an allowable charge against county funds, the same not "being necessary in the performance of the duties of a juvenile officer" as required by Art. 5142, V. A. C. S.

Trusting this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Robert L. Lattimore, Jr.
Assistant

RLL:rt
RLL:flo

APPROVED JUN 27, 1944
(s) Geo. P. Blackburn
(Acting) ATTORNEY GENERAL
OF TEXAS


APPROVED OPINION COMMITTEE
BY (S) GWB, CHAIRMAN